JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-8825-KK-PVCx** | Date: | February 6, 2024 |
|---|---|---|---|

| Title: | *Cosco Shipping Lines (North America) Inc. v. Ocean Line Logistics Inc.* |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

## I.
## PROCEDURAL HISTORY

On March 23, 2022, plaintiff Cosco Shipping Lines (North America) Inc. ("Plaintiff") filed a Complaint against defendant Ocean Line Logistics Inc. ("Defendant") in the United States District Court for the District of New Jersey alleging breach of contract and related claims.  ECF Docket No. ("Dkt.") 1.

On November 29, 2022, the action was transferred to this Court pursuant to the parties' stipulation.  Dkts. 17, 18.

On December 21, 2022, Defendant filed an Answer to the Complaint, dkt. 31, and Counterclaim against Plaintiff, dkt. 30.

On January 17, 2023, Plaintiff filed an Answer to the Counterclaim.  Dkt. 34.

On May 15, 2023, Defendant filed a Third-Party Complaint against third-party defendants Santrade Plastics Group Inc., HC International Group Inc., and S&Q Trade LLC.  Dkt. 59.

On July 4, 2023, third-party defendant Santrade Plastics Group Inc. filed an Answer to Defendant's Third-Party Complaint.  Dkt. 72.

On July 24, 2023, the Clerk of Court entered default against third-party defendants HC International Group Inc., and S&Q Trade LLC pursuant to Federal Rule of Civil Procedure 55(a) based on their failure to answer the Third-Party Complaint or otherwise appear in this action. Dkt. 80.

On December 12, 2023, pursuant to the parties' stipulation, the Court (1) dismissed Plaintiff's Complaint against Defendant and Defendant's Counterclaim against Plaintiff with prejudice, and (2) substituted Plaintiff as the third-party plaintiff on Defendant's Third-Party Complaint against third-party defendants Santrade Plastics Group Inc., HC International Group Inc., and S&Q Trade LLC. Dkt. 86.

On January 24, 2024, the Court issued an Order to Show Cause why the instant action should not be dismissed for failure to prosecute based on Plaintiff's failure to move for default judgment against defaulted third-party defendants HC International Group Inc. and S&Q Trade LLC. Dkt. 91. Plaintiff was ordered to respond in writing to the Order to Show Cause no later than January 31, 2024. Id. at 2. The Court expressly warned Plaintiff that "**failure to timely file a response to this Order will result in this action being dismissed without prejudice . . . for failure to prosecute and comply with court orders**." Id. (citing FED. R. CIV. P. 41(b)) (emphasis in original).

On January 31, 2024, Plaintiff and third-party defendant Santrade Plastics Group Inc. filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Dkt. 92. Hence, the only claims remaining in the instant action are Plaintiff's claims against defaulted third-party defendants HC International Group Inc. and S&Q Trade LLC.

To date, Plaintiff has not filed a response to the Court's January 24, 2024 Order to Show Cause or a motion for default judgment against third-party defendant HC International Group Inc. or third-party defendant S&Q Trade LLC.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders. See FED. R. CIV. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order). In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Plaintiff has not responded to the Court's January 24, 2024 Order to Show Cause or filed a motion for default judgment against third-party defendant HC International Group Inc. or third-party defendant S&Q Trade LLC.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been: (1) instructed on its responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  See dkt. 91.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown it is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see dkt. 91.

### III.
### CONCLUSION

Accordingly, the Court **DISMISSES** Plaintiff's claims against third-party defendants HC International Group Inc. and S&Q Trade LLC without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  As there are no remaining claims in this action, **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.

**IT IS SO ORDERED.**